### BANCHER *versus* FISK.

A discharge, obtained under the insolvency laws of Massachusetts by a debtor, resident in that State, is not a bar to the recovery of a debt due from him to a person who was never a resident of that State, or to a person who, at the time of becoming a creditor, was not, and has not since been a resident there.

ON REPORT from *Nisi Prius*, TENNEY, J. presiding.

ASSUMPSIT by the indorsee against the maker of a promissory note.

WELLS, J. — The note in suit had its origin in Boston, and was given by the maker to John Bancher for merchandize. It is not stated in the case, that he was then a citizen of Boston, but it is assumed to be so in the argument. He transferred the note to the plaintiff before its maturity, and before the commencement of the defendant's proceedings in insolvency, and while the plaintiff was a citizen either of New York or New Hampshire. It was payable to the defendant's own order, and having been indorsed by him, the title to it would pass afterwards as well by delivery as by indorsement.

The Supreme Court of the United States have decided, that a discharge under the insolvent laws of the State, where the contract was made, will not operate as a discharge of any contracts, except such as are made between citizens of the same State. This conclusion was drawn from the construction given by that court to the constitution of the United States. The discharge, therefore, can have no effect upon a contract made with a citizen of another State. *Ogden* v. *Saunders*, 12 Wheat. 213. Story's Confl. of Laws, sect. 341 ; *Towne*

*& al.* v. *Smith*, 1 Wood. & Minot, 115. The Supreme Court of Massachusetts have followed the decisions of the Supreme Court of the United States, regarding them as paramount authority on all questions, that involve the construction of the constitution of the United States. *Betts* v. *Bagley*, 12 Pick. 572 ; *Woodbridge* v. *Allen*, 12 Metc. 470 ; *Brigham* v. *Henderson*, 1 Cush. 430. It has also been decided by that Court, that the maker of a note, by giving it a negotiable character, does contract with whomsoever may be the legal indorsee at the time it becomes payable, to pay the same to him, and that such indorsee, not being a citizen of the State where the discharge is granted, and having obtained a title to the note before an application for the benefit of the insolvent law, is not affected by the discharge. *Baker* v. *Wheaton*, 5 Mass. 509 ; *Braynard* v. *Marshall*, 8 Pick. 194 ; *Savoye* v. *Marsh*, 10 Metc. 594. This doctrine, in relation to the immunity of the indorsee from the operation of the insolvent laws in such cases, has been questioned by Judge STORY in his Commentaries on the Conflict of Laws, sect. 343, *& seq.*, and also in his Treatise on Bills of Exchange, sect. 158. But it appears to have been adopted, in reference to the ground of the decisions of the Supreme Court of the United States, that insolvent laws can act only upon citizens of the State where the contract is made. And as by the indorsement, in conformity to the nature of the agreement, the maker becomes the debtor of the indorsee, a contract exists between them, and when the indorsee is a citizen of another State at the time of the indorsement, it seems to follow legitimately, that he is not affected by the discharge. But however this may be, courts of other States ought not to allow a greater effect to the insolvent laws of Massachusetts, than what is given to them by its own tribunals. According to its decisions, the plaintiff not being a citizen of that State when the debt accrued to him, the discharge subsequently obtained cannot prevent his recovery.

The discharge in bankruptcy, upon which the decision in the case of *Very* v. *McHenry*, cited in argument, was found-

ed, was obtained in the Province of New Brunswick. The question in that case was one of international law.

According to the agreement of the parties, a default must be entered.

*Defendant defaulted.*

*Blake*, for plaintiff.

*G. P. Sewall*, for defendant.